IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD LICEA, § | | |
| Plaintiff, § | | |
| v. § | | C.A. NO. C-05-498 |
| § | | |
| WELLS FARGO BANK, § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Pending before this Court is plaintiff's Motion to Remand (D.E. 12).  Pursuant to the Court's December 20, 2005 Order (D.E. 11), defendant was ordered to file a response to plaintiff's Motion to Remand within ten days of receipt.  Defendant has yet to file a response to plaintiff's motion and defendant has failed to provide the Court with any evidence that it has jurisdiction over plaintiff's suit.   Therefore, the Court concludes that it lacks subject-matter jurisdiction and defendant's removal of this cause of action is improper and remand is necessary.

## I.  Facts and Proceedings

Plaintiff Richard Licea filed suit against defendants Wells Fargo Bank ("Wells Fargo") and The Vanguard Group ("Vanguard") in the 79th Judicial District of Jim Wells County.  Plaintiff held two bank accounts at Wells Fargo.  Plaintiff alleges that Wells Fargo paid money from plaintiff's accounts to an unauthorized person in violation of plaintiff's instructions, and that Vanguard authorized the withdrawal.  Plaintiff sued Wells Fargo and Vanguard under the following state law causes of action:  (1) violation of the Texas

Deceptive Trade Practices Act, (2) fraud, (3) negligent representation, and (4) breach of contract. Defendants timely removed plaintiff's suit to this Court (D.E. 1).

In their Notice of Removal, defendants allege that plaintiff was a participant in an ERISA employee benefit plan, that Vanguard provided administrative services to the plan, and that the withdrawal from plaintiff's account at Wells Fargo was an authorized distribution request. Defendants further allege that these facts render plaintiff's state causes of action preempted by ERISA. After removal, the Court dismissed Vanguard from the case on plaintiff's motion (D.E. 7, 9). Wells Fargo is the only remaining defendant.

## II. Discussion

"Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992)). Defendant Wells Fargo never filed a response to plaintiff's Motion to Remand despite being ordered to do so. Defendant has not submitted any evidence to this Court substantiating the allegations in the Notice of Removal. Therefore, defendant Wells Fargo has failed to carry its burden in proving that this Court has jurisdiction over plaintiff's claims.[1]

---

[1] Even if the Court were to assume that Vanguard provided administrative services to plaintiff's employee benefit program, this fact would not in and of itself provide a basis for jurisdiction because Vanguard is no longer a defendant. This Court has discretion to remand state law claims when all claims over which it has original jurisdiction have been dismissed. *See* 28 U.S.C. 1367(c)(3).

As such, the Court, pursuant to 28 U.S.C. § 1447(c), REMANDS this case in its entirety, for the reasons stated, to the 79th Judicial District Court of Jim Wells County, Texas.

ORDERED this   28th   day of   February  , 2006.

*Hayden Head*

**HAYDEN HEAD**
**CHIEF JUDGE**